**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

AMANDA BOYD,                                                    CASE NO.: 26-CV-60141

                    Plaintiff,

v.

WAL-MART STORES EAST, LP,

                    Defendant.

                                                                                 /

**DEFENDANT WAL-MART STORES EAST, LP'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant, WAL-MART STORES EAST, LP ("Defendant"), through undersigned, files

its Answer and Affirmative Defenses to Plaintiff's, AMANDA BOYD ("Plaintiff"), First

Amended Complaint, denies all allegations not specifically admitted herein and states the

following:

**PARTIES, JURISDICTION, AND VENUE**

1.      Defendant admits that Plaintiff is seeking damages in excess of $50,000.00, but

denies that Plaintiff is entitled to any damages, let alone a sum in excess of $50,000.00.

2.      Defendant admits that Plaintiff alleges she is a resident of Broward County.

Defendant is without knowledge as to the remainder of the allegations of Paragraph 2.

3.      Defendant denies Paragraph 3 as phrased. Defendant admits that it is a foreign

limited partnership with its principal place of business in Bentonville, Arkansas.

4.      Defendant denies the allegations in Paragraph 4(a)-(c) of the First Amended

Complaint, and demands strict proof thereof.

5.      Defendant denies Paragraph 5 as phrased. Defendant admits that Plaintiff alleges

this incident occurred in Broward County, Florida.

Case No. 26-CV-60141

## ALLEGATIONS COMMON TO ALL COUNTS

6.      Defendant admits that it operated the premises located at 1885 North Pine Island Road, Plantation, Florida 33322.

7.      Defendant objects as Paragraph 7 calls for a legal conclusion. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the First Amended Complaint, and demands strict proof thereof.

8.      Defendant is without knowledge as to the allegations of Paragraph 8 and, therefore, denies the allegations of Paragraph 8 of the First Amended Complaint, and demands strict proof thereof.

9.      Defendant denies the allegations in Paragraph 9 of the First Amended Complaint, and demands strict proof thereof.

10.     Defendant denies the allegations in Paragraph 10 of the First Amended Complaint, and demands strict proof thereof.

11.     Defendant denies the allegations in Paragraph 11 of the First Amended Complaint, and demands strict proof thereof.

12.     Defendant denies the allegations in Paragraph 12 of the First Amended Complaint, and demands strict proof thereof.

13.     Defendant denies the allegations in Paragraph 13 of the First Amended Complaint, and demands strict proof thereof.

14.     Defendant denies the allegations in Paragraph 14 of the First Amended Complaint, and demands strict proof thereof.

15.     Defendant denies the allegations in Paragraph 15 of the First Amended Complaint,

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

Case No. 26-CV-60141

and demands strict proof thereof.

16.    Defendant denies the allegations in Paragraph 16 of the First Amended Complaint, and demands strict proof thereof.

17.    Defendant denies the allegations in Paragraph 17 of the First Amended Complaint, and demands strict proof thereof.

18.    Defendant denies the allegations in Paragraph 18 of the First Amended Complaint, and demands strict proof thereof.

## COUNT I
## NEGLIGENCE OF WAL-MART STORES EAST, LP

19.    Defendant re-affirms and reveres its responses to the proceeding paragraphs 1 through 18.

20.    Defendant denies the allegations in Paragraph 20 of the First Amended Complaint, and demands strict proof thereof.

21.    Defendant denies the allegations in Paragraph 21 of the First Amended Complaint, and demands strict proof thereof.

22.    Defendant denies the allegations in Paragraph 22 of the First Amended Complaint, and demands strict proof thereof.

23.    Defendant denies the allegations in Paragraph 23 of the First Amended Complaint, and demands strict proof thereof.

24.    Defendant denies the allegations in Paragraph 24 of the First Amended Complaint, and demands strict proof thereof.

25.    Defendant denies the allegations in Paragraph 25 of the First Amended Complaint, and demands strict proof thereof.

26.    Defendant denies the allegations in Paragraph 26 of the First Amended Complaint,

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No. 26-CV-60141

and demands strict proof thereof.

27.     Defendant denies the allegations in Paragraph 27 of the First Amended Complaint, and demands strict proof thereof.

28.     Defendant denies the allegations in Paragraph 28 (a) – (s) of the First Amended Complaint, and demands strict proof thereof.

29.     Defendant denies the allegations in Paragraph 29 of the First Amended Complaint, and demands strict proof thereof.

30.     Defendant denies the allegations in Paragraph 30 (a) – (c) of the First Amended Complaint, and demands strict proof thereof.

31.     Defendant denies the allegations in Paragraph 31 of the First Amended Complaint, and demands strict proof thereof.

32.     Defendant denies the allegations in Paragraph 32 of the First Amended Complaint, and demands strict proof thereof.

33.     Defendant denies the allegations in Paragraph 33 of the First Amended Complaint, and demands strict proof thereof.

34.     Defendant denies the allegations in Paragraph 34 of the First Amended Complaint, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     **No Duty.** Defendant did not owe any duty to Plaintiff.

2.     **No Breach of Duty.** While denying all the allegations of the First Amended Complaint regarding liability, injuries and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, Defendant states that such damages, if any, arose out of some event or exposure over which Defendant had no control or right to control. At

Case No. 26-CV-60141

all times relevant thereto, the allegedly dangerous condition referred to by Plaintiff in the First Amended Complaint, was neither created by Defendant nor did said condition exist upon the premises for a sufficient length of time that Defendant should have discovered said condition and corrected it or warned Plaintiff as to the existence of said condition. Therefore, Defendant did not breach any duty owed to Plaintiff.

3.      **Reasonableness.** Defendant acted in a reasonable manner under the circumstances.

4.      **Comparative Negligence.** If Plaintiff sustained damages by reason of the matters alleged in the First Amended Complaint, and said damages were caused in whole or in part by Plaintiff's own negligence, then Plaintiff is subject to the doctrine of comparative negligence, where Plaintiff's recovery will be diminished by an amount equal to Plaintiff's negligence, pursuant to Fla. Stat. §768.81. In a negligence action, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault but does not bar recovery. §768.81(2), Fla. Stat.; *see also Hoffman v. Jones*, 280 So. 2d. 431 (Fla. 1973). Accordingly, Defendant is entitled to the procedures, protections, and benefits of §768.81, and asserts that all damages should be apportioned based upon the fault of any and all persons and/or entities who may be at fault for Plaintiff's alleged damages, if any.

Furthermore, if Plaintiff is found to be greater than 50 percent at fault for her own harm, she may not recover any damages against the Defendant.  § 768.81(6), Fla. Stat. (2023).  In this regard, Responding Defendant states that the Plaintiff was herself negligent, and that the damages, if any, suffered by the Plaintiff, were due to or occasioned solely by the negligence of Plaintiff, or third parties, agencies, persons, forces or instrumentalities outside and beyond the

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No. 26-CV-60141

control of Defendant. Alternatively, or additionally, at all times material hereto, the alleged incident occurred above and beyond the foresight of reasonable prudent persons and was caused by actions and/or omissions of third-persons and conditions beyond Defendant's control.

Additionally, any injuries or damages sustained by Plaintiff at the time and place alleged in the First Amended Complaint were caused solely by the negligence, fault, omissions or want of care on the part of a person, persons, entity or entities for whose conduct Responding Defendant bears no responsibility. Said acts or omissions were the proximate cause of Plaintiff's alleged injuries and damages, thus barring or reducing proportionately all claims for damages against Defendant. Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993); *Allied-Signal, Inc. v. Fox*, 623 So. 2d 1180 (Fla. 1993); and *Messmer v. Teacher's Insurance Co.*, 588 So. 2d 610 (Fla. 5th DCA 1991), any damages awarded to Plaintiff are subject to apportionment by the jury of the total fault of all participants in or causes of the incident underlying Plaintiff's First Amended Complaint, including Plaintiff(s), Co-Defendants, and non-parties, and Defendant will seek to have all potentially liable parties and non-parties, including any co-defendants settling before trial, listed on the verdict form to be apportioned their respective share of comparative negligence at trial. Pursuant to *Nash v. Wells Fargo Guard Service, Inc.*, 678 So.2d 1262 (Fla. 1996), Responding Defendant may seek amendment to identify other such non-parties or persons as they become known and with due notice to Plaintiff.

5. **Failure to Use Reasonable Care.** If Plaintiff sustained damages as alleged in the First Amended Complaint, then Plaintiff failed and neglected to use reasonable care to protect herself, and to minimize and mitigate the losses and damages.

6. **Assumption of Risk.** Plaintiff knew of the existence of the danger complained of, realized and appreciated the possibility of injury, and having a reasonable opportunity to avoid

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No. 26-CV-60141

it, voluntarily exposed herself to the danger.

7.      **Plaintiff Had Actual or Constructive Knowledge.** Plaintiff had actual or constructive knowledge of the allegedly dangerous condition, which was equal to or greater than Defendant's knowledge of said condition, wherefore and under these circumstances, Defendant is not liable.

8.      **Open and Obvious Peril.** The condition that Plaintiff complains of in the First Amended Complaint was open and obvious. Therefore, Defendant did not have a duty to warn Plaintiff.

9.      **Superseding Cause.** Plaintiff's alleged damages, if any, resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendant.

10.     **Proximate Cause.** While denying all of the allegations of Plaintiff's First Amended Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, Defendant states that to the extent that Plaintiff may be able to prove any negligence or fault on the part of Defendant, it was not the proximate cause of any of the damages at issue in the First Amended Complaint.

11.     **Failure to Mitigate Damages.** Plaintiff failed to mitigate, minimize, or avoid all or a portion of the damages which comprise Plaintiff's claims.

12.     **Failure to State Cause of Action.** Plaintiff's First Amended Complaint fails to state a cause of action.  Plaintiff's First Amended Complaint consists of conclusory allegations and is deficient in necessary ultimate facts.

13.     **Set-Off.** Defendant is entitled to a set-off for any collateral source payment, as expressed in §768.76, Fla. Stat., that has been paid or are payable to or on behalf of Plaintiff,

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No. 26-CV-60141

including a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 848 So. 2d 406 (Fla. 2d DCA 2003). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses assessed but waived or not actually incurred by Plaintiff.

14. **Release of Claim.** To the extent Plaintiff signed any release or covenant not to sue, or accepted any money or consideration from any person, firm or entity with regard to the alleged incident, Defendant is entitled to the benefit thereof, such that Defendant's liability or responsibility for any damages determined by a jury, if any, is reduced or extinguished thereby.

15. **Defendant Did Not Have Actual or Constructive Knowledge.** Defendant had no actual or constructive knowledge of the conditions that Plaintiff complains of.

16. **Damages.** Without otherwise admitting to the validity of the allegations set forth in the First Amended Complaint, Defendant asserts that Plaintiff cannot recover for medical expenses where Plaintiff failed to prove the reasonableness and necessity of the purported medical expenses and/or that said medical expenses are related to the alleged incident.

17. **Collateral Sources.** Without otherwise admitting the validity of the allegations set forth in the First Amended Complaint, Defendant asserts that Plaintiff was the recipient of benefits from private health insurance and/or collateral sources and, therefore, Defendant is entitled to a set-off or a reduction of such sums received against any amount of verdict award that may be entered against Defendant. Plaintiff should not be entitled to recover any damages which would have been avoided had Plaintiff, or any medical provider who accepted assignment, mitigated same by submitting any bills for payment to health insurance or benefits, which would have resulted in reductions of amounts due.

Case No. 26-CV-60141

18.     **Any Alleged Damages to be Reduced to Actual Cost of Care.** Without otherwise admitting the validity of the allegations set forth in the First Amended Complaint, Defendant asserts that medical benefits of private insurance carriers and/or government benefits (including but not limited to Medicare, Medicaid or other government entity benefit) should limit the amount that a plaintiff can board at trial to that amount which accurately reflects the actual cost of care, e.g. the amount of any lien, less any contractual reductions and/or write downs taken by any health insurance carrier or government health benefits. Defendant asserts a right of reduction and that it is improper to provide a jury with factually incorrect evidence upon which they are to base their verdict.

19.     **Damages.** Plaintiff's damages, if any, must be reduced in accordance with §768.0427, Fla. Stat. Pursuant to §768.0427(4) Fla. Stat., Plaintiff may not recover damages for any amount which exceeds the evidence of medical treatment and services admitted pursuant to § 768.0427(2), Fla. Stat., nor may Plaintiff recover damages exceeding the sum of the following: (a) amounts actually paid or on behalf of Plaintiff to a health care provider who rendered medical treatment or services; (b) amounts necessary to satisfy charges for medical treatment or services that are due and owing but at the time of trial are not yet satisfied; and (c) amounts necessary to provide for any reasonable and necessary medical treatment or services that Plaintiff will receive in the future.

20.     **Mitigate Damages.** Plaintiff failed to mitigate her damages, if any, including, but not limited to, failing to submit her medical bills to her health insurance carrier, and/or failing to provide her treating physicians with her health insurance carrier information so that the medical bills could be submitted to the health insurance company. Plaintiff is insured with health insurance coverage which insures to the benefit of the Defendant insofar as the Plaintiff's

Case No. 26-CV-60141

providers must submit all bills for services rendered, to the Plaintiff's health insurer and the Plaintiff medical providers must accept the contracted amount for treatment rendered.  Accordingly, if Plaintiff had health insurance, Responding Defendant is entitled to the benefit of the contracted difference, and a write-down or setoff pursuant to § 641.3154, Fla. Stat.; Plaintiff's treating physicians who accept such health insurance, but failed to accept Plaintiff's health insurance, have required the Plaintiff to pay more than the health insurance contract requires, in violation of applicable law.

21. **Collateral Sources.** To the extent that certain collateral source benefits from governmental or charitable organizations are available to the Plaintiff, Defendant is entitled to a set-off of damages claimed by Plaintiff in the amount of governmental or charitable benefits available to all persons. *Florida Physicians Insurance Reciprocal v. Stanley*, 452 So.2d 514 (Fla. 1984).  Further, any unearned benefits, including Medicare, Medicaid, or worker's compensation, can only be claimed at trial at their net/discounted/paid amount; the gross amount of the medical bills are inadmissible. *Dial v. Calusa Palms Master Ass'n, Inc.*, 337 So.3d 1229 (Fla. 2022).

22. **Damages.** Plaintiff's claimable and recoverable medical expenses are subject to and limited by the provisions of section 768.0427, Fla. Stat. (2023), and the evidence that may be offered by Plaintiff to prove her past and future medical damages or expenses is subject to the limitations of that section.

Defendant reserves the right to add more affirmative defenses as discovery is ongoing.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, demands judgment in its favor and against Plaintiff, AMANDA BOYD, and for any other or further relief this Court deems just and proper.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

Case No. 26-CV-60141

## DEMAND FOR JURY TRIAL

Defendant, WAL-MART STORES EAST, LP, demands trial by jury of all issues by right so triable.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:   */s/ Courtney M. Smith*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
COURTNEY M. SMITH
Florida Bar No. 1007704

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this Tuesday, April 28, 2026, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Matthew Sean Tucker, Esq.,** (matt@tuckerup.com), TUCKER LAW, *Attorneys for Plaintiff*, 800 SE 3rd Avenue, Suite 300 Fort Lauderdale, FL 33316.

*/s/ Courtney M. Smith*
COURTNEY SMITH