**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

AMANDA BOYD, CASE NO.: 0:26-cv-60141

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.
_______________________________________/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE DISCOVERY AGREEMENT AND COMPEL BETTER DISCOVERY RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, Wal-Mart Stores East, LP ("Defendant"), through undersigned counsel, files this Response to Plaintiff's Motion to Enforce Discovery Agreement and to Compel Better Discovery Responses to Interrogatories and Requests for Production ("Plaintiff's Motion") [D.E. 22], and requests that the court enter an order denying Plaintiff's Motion, and states as grounds:

**SUMMARY OF THE ARGUMENT**

Plaintiff's Motion claims that Defendant failed to (1) failed to uphold the discovery agreement, and (2) failed to leave central issues unanswered. As grounds of said failure, Plaintiff states that Defendant has failed to comply with Federal Rules of Civil Procedure 26, 33, 34, and Southern District of Florida Local Rules 7.1(a)(3), 26.1(e), and 26.1(g).

Plaintiff's motion should be denied as Defendant did indeed provide Plaintiff all requested discovery. When the parties met and conferred on Plaintiff's motion, Plaintiff admitted that Defendant's discovery was responsive to his request and was unable to identify any outstanding information or documents that were not produced.

## ARGUMENT

Plaintiff incorrectly claims that Defendant has not participated adequality in discovery. However, as set forth below, Plaintiff's positions are unfounded and Defendant has already either produced the relevant materials, or advised that its response is complete . Plaintiff argues that Defendant has agreed to address its responses to Interrogatories Nos. 6, 7, 12, 14, 19, 20, 21, 22, 23, and 24, and RFP Nos. 7, 14, 16, 22, 23, 24, 29, 30, 31, 32, and 33. Defendant has adequately done so in its amended responses. *See Defendant's Second Amended discovery responses as exhibits 1 and 2*.

### I. Discovery has been verified.

Plaintiff is requesting Defendant to verify its responses to Plaintiff's interrogatories, however, Defendant has provided Plaintiff with interrogatory responses verified by manager Askaria Kemp, which Plaintiff has attached to their motion as Exhibit 1. Defendant is correcting the signature portion which Plaintiff refers to in its motion. Plaintiff further requests that in response interrogatory No. 1, Defendant identify a single person who has prepared the responses. Plaintiff's interrogatories are directed to a corporation, these answers do not constitute nor are they derived from the personal knowledge of any single person.

### II. Video footage has already been produced.

Plaintiff claims that Defendant has not identified the footage duration, what footage was collected, reviewed, or not preserved. Defendant has provided Plaintiff with all store video footage preserved in response to Plaintiff' s incident and its policies and procedures for preserving video footage in response to a customer incident. The video footage itself is responsive to many of these requests. Defendant cannot produce video footage that does not exist. Efforts made by individuals

to identify the video footage of the incident are areas to be explored at depositions of those individuals, not by way of motion practice.

Plaintiff also claims Defendant has not identified who preserved the video footage, however, Defendant specifically identifies that person in its response to Interrogatory 12 as well as the document Plaintiff can refer to, to confirm the same. Plaintiff then claims that Defendant has failed to provide the camera and store layout maps. Defendant has provided the store layout, which is produced in response to Interrogatory 22. Defendant has advised Plaintiff that a confidential agreement is needed prior to providing the camera layout, as it contains sensitive information not available to the public which could be detrimental to its operations (*e.g.*, blind spots for theft monitoring within the store would be revealed to the public at large). However, Plaintiff is wholly uncooperative in agreeing to such protections.

**III. Employee identification / information has already been produced.**

Plaintiff claims Defendant has failed to provide schedules, work assignments, job titles, duties, address/contact information, or local management structure. However, Defendant has indeed provided Plaintiff with the names of all maintenance employees, the store manager, and the associates with knowledge of Plaintiff's incident. Defendant has also provided Plaintiff with the job descriptions for the maintenance employees as well. Defendant objected to requests for the addresses and personal contact information for its employees as that would infringe on their right to privacy and would be an impermissible attempt by Plaintiff to contact Defendant's employees without the presence or knowledge of Defense counsel. Rather Defendant will make any currently employed associates available for deposition upon request and Plaintiff may contact these employees through counsel for Defendant. Further, Plaintiff's request for the work schedules of these employees is not limited in time, which is an objection raised in Defendant's responses.

Defendant has no issue producing the work schedules for a reasonable time related to the incident. Plaintiff has refused to engage in a good faith attempt to place any parameters on his open-ended request.

**IV. Prior claim information has been produced but Defendant objects to providing personal contact information for private customers.**

Walmart already provided the number of incidents that occurred in the same area as Plaintiff's incident over a three-year span prior to Plaintiff's incident – along with a date and description of each prior similar incident, and incident reports and witness statements for the prior incidents (redacted for the name & contact information of the customer). Plaintiff now takes issue with the fact Defendant has not provided names and addresses of prior claimants. The request also seeks medical information for these claimants when asking for information of any injuries. This is a violation of HIPPA and Defendant's customers' privacy and has no relevance to this case. There is a strong right of privacy provision in Florida Constitution. *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So. 2d 936, 941 (Fla. 2002). (See also *Shaktman v. State,* 553 So. 2d 148 (Fla. 1989)). In Shaktman, the Supreme Court reasoned that the enactment of this provision "ensures that individuals are able 'to determine for themselves when, how and to what extent information about them is communicated to others.'" Id. at 150 (quoting from Alan F. Westin, Privacy and Freedom 7 (1967)). An individual should not have their medical or personal information revealed without their knowledge or consent just because they shopped at Walmart and pursued a claim against the store. Notably, not all claims equal lawsuits. This distinction is important because when a customer decides to file a public lawsuit they have consented to having their identity (minimally, their name) revealed to the public. On the other hand, if a customer decides to make a claim (but not file a lawsuit) they are implicitly trusting that Walmart is not revealing their identity or accident to the public at large. Thus, Walmart cannot reveal private identifying information (including names,

addresses, etc.) of its claimants. This information further lacks probative value as Walmart has already disclosed the date and nature of each accident.

## V. Defendant's objections do satisfy Rules 33, 34, or Local Rule 26.1

Defendant's asserted objections are in compliance with Rules 33, 34, or Local Rule 26.1. The objections are not blanket and provide reasoning for each objection asserted. While Defendant has asserted that some of the information that Plaintiff seeks would violate other persons rights to privacy, Defendant has not made any claims of privileged documents without a privilege log. Defendant has also produced information responsive to Plaintiff's claims in a good faith effort to respond and to conduct discovery in an efficient manner.

Plaintiff seeks for Defendant to serve a notice of completion of production. Plaintiff herself has not done this and her discovery responses include multiple mentions of amending her answer up and until the discovery cutoff. At this juncture, discovery is ongoing and so is Defendant's discovery responsibility. Even though Plaintiff seemed to acknowledge this principle in her responses, Defendant was surprised that Plaintiff now wishes to take an opposite approach with Defendant's discovery responses

Plaintiff has not specifically stated that what has been produced is unresponsive, only an insinuation that Defendant is somehow trying to hide the ball. The claims Plaintiff are making are regarding the discovery responses are unfounded, as Defendant has given Plaintiff any information it can. As such, Plaintiff's Motion must be denied.

## CONCLUSION

Plaintiff's Motion should be denied as its allegations are unfounded and can be proven to be incorrect by reading Defendant's responses. Defendant has complied with all Federal and Local Rules of civil procedure.

WHEREFORE, Defendant, Wal-Mart Stores East, LP, respectfully requests that the Court deny Plaintiff's Motion to Enforce Discovery Agreement and to Compel Better Discovery Responses to Interrogatories and Requests for Production [D.E. 22], together with such other relief that the court deems proper.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Gabrielle A. Johnson*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
GABRIELLE A. JOHNSON
Florida Bar No. 1044497

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Thursday, July 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the following Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Gabrielle A. Johnson*
GABRIELLE A. JOHNSON

**SERVICE LIST**

Matthew Sean Tucker, Esq.
Tucker Law
800 SE 3rd Avenue
Suite 300
Fort Lauderdale, Florida 33316
Matt@TuckerUp.com

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

AMANDA BOYD, CASE NO.: 0:26-cv-60141

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

_______________________________________/

**DEFENDANT'S NOTICE OF SERVING SECOND AMENDED ANSWERS TO PLAINTIFF'S TRIP AND FALL INTERROGATORIES**

Defendant, WAL-MART STORES EAST, LP., ("Defendant"), by and through undersigned counsel hereby amends answers to the Trip and Fall Interrogatories propounded by Plaintiff, AMANDA BOYD ("Plaintiff"). The following responses are based on information known to Defendant as of the date of the responses, and as discovery is continuing, Defendant reserves the right to amend these responses.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Gabrielle A. Johnson*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
GABRIELLE A. JOHNSON
Florida Bar No. 1044497

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 30, 2026, I electronically served the foregoing to the following: **Matthew Sean Tucker, Esq.,** (matt@tuckerup.com), TUCKER LAW, *Attorneys for Plaintiff*, 800 SE 3rd Avenue, Suite 300 Fort Lauderdale, FL 33316.

*/s/ Gabrielle A. Johnson*
GABRIELLE A. JOHNSON

**AMENDED ANSWERS TO TRIP AND FALL INTERROGATORIES**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER: These responses were prepared with the assistance of counsel on behalf of Defendant Wal-Mart Stores East, LP with the assistance of Wal-Mart Legal Department and will be verified by the Store Manager, Askaria Kemp. Inquiries to Defendant must be directed to Liebler, Gonzalez & Portuondo, 44 West Flagler Street, 25th Floor, Miami, Florida 33130.**

6. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiffs complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**ANSWER: Objection. Defendant objects on the grounds of relevancy to the extent this request can be interpreted as seeking information concerning any excess liability insurance coverage. The nature of the claims asserted in this action is such that it is highly unlikely that any excess insurance coverage will be implicated here. Defendant maintains a self-insured retention applicable to the instant matter in the amount of $2,000,000.00, which must be exhausted before insurance can be considered. Please see the insurance declarations sheet attached with bate stamp numbering WALMART 000074- WALMART 000077.**

7. State the facts upon which you rely for each affirmative defense in your answer.

**ANSWER: Defendant states that its investigation into the alleged incident remains ongoing and the facts and circumstances supporting the defenses are expected to be discovered during this process. Notwithstanding, the Defendant's Affirmative Defenses are predicated on the allegations in the operative Complaint and applicable law. In addition, Plaintiff failed to exercise due caution while walking through the store. Further, Plaintiff alleges to have tripped on a large stationary, open and obvious object. Defendant relies on the documents and store surveillance videos provided contemporaneously with Defendant's Responses to Plaintiff's Request for Production. Further, Plaintiff's damages that are known are contested. Defendant reserves the right to supplement with additional facts as they become available in discovery. Additionally, deposition testimony, Plaintiff's medical records, medical bills, and other documents expected to be received in discovery support Defendant's Affirmative Defenses, as Plaintiff testified in her deposition she saw the machine before her incident occurred.**

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER: Based on the preliminary information available, Defendant references the Evidence Collection Sheet executed by Operations Manager Chily Julien attached under bates stamp numbering WALMART 000005.**

14. State for the two (2) years prior to the incident herein sued upon, the names and addresses of any and all persons who have claimed injuries as a result of incidents occurring upon the subject premises, as well as the date of each occurrence, nature of the injury, whether a lawsuit was filed, and any reports or photographs of the incident.

**ANSWER: Objection. This Interrogatory is overly broad, not reasonably limited in scope, unnecessarily attempts to intrude on employees' and customers' right to privacy, seeks information that is public and equally available to Plaintiff, and is not proportional to the needs of the case. Notwithstanding the foregoing objections, in the past two years, there have been 3 lawsuits that allegedly involved a trip and fall at the subject store which are listed below. There have been 0 incidents that allegedly involved a substantially similar trip and fall involving a floor scrubber in the frozen food and ice department.**

**ROGERS, LAVON, an individual vs. WALMART INC. and Harriet Jaime Jackson, an individual, Broward County, Florida, Case No. CACE23009850**

**RABBITO, CATHERINE vs. Wal-Mart Stores, Inc., Abby Thompson, et al., Broward County, Florida, Case No. CACE23011652**

**ARANGO, ULYSES vs. WAL-MART STORES EAST, LP, and JOHN DOE, as store manager, Broward County, Florida, Case No. CACE-22-016610**

16. Please state whether there existed, prior to the incident which is the subject of the Plaintiff's complaint, any procedure or program for the regular inspection of the subject premises, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises hereof.

**ANSWER: Objection. This Interrogatory is not proportional to the needs of the case.**

**This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Walmart operates a large department store with many different areas. Policies and procedures for departments other than where this incident occurred are not relevant. Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Also, Defendant references the documents attached under bates stamp numbering WALMART 000061 to WALMART 000069 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to maintenance equipment used to inspect the floor for potential hazards.**

17. If your answer to the foregoing interrogatory was in the affirmative, please further set forth a general description of each such procedure or program, the regularity with which each such procedure or program was to be implemented or conducted, if applicable, whether such procedure and/or program was reduced to a writing and, if so, please provide the identity of the present custodian of each such writing, accompanied by descriptive nomenclature sufficient to identify each such writing in a motion to produce, the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart to this interrogatory.

**ANSWER: Objection. This Interrogatory is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Walmart operates a large department store with many different areas. Policies and procedures for departments other than where this incident occurred are not relevant. Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Also, Defendant references the documents attached under bates stamp numbering WALMART 000061 to WALMART 000069 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to maintenance equipment used to inspect the floor for potential hazards.**

**Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them.**

19. Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance and/or repair of the subject premises as of the date of the incident which is alleged in the Plaintiffs complaint.

**<u>ANSWER</u>: Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Furthermore, all Walmart employees are trained to conduct visual inspections of their areas throughout their shifts as they complete their respective job requirements, and these visual inspections are continuous and undocumented. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them. Further, Defendant references the store video footage produced via hightail link for all store video footage preserved in response to Plaintiff's claim. Please see the store video for frequency and times of inspections and/or maintenance of the incident area prior to the subject incident. The name of each employee in the store video is unknown at this time as discovery is ongoing. The maintenance associates working on the date of the subject incident include: Tommy Florist, Rosanie Ilfrat Jean Louis, Antwoin Perry, Donovan Christie. Defendant references documents attached under bates stamp numbering WALMART 000070 to WALMART 000073 for the job descriptions for these maintenance associates.**

20. Please provide the name(s), address, work schedule, job title, and job duties of all of your employees or agents whose duty it was/is to conduct the periodic inspection/investigation of the premises on the day of the incident.

**<u>ANSWER</u>: Objection. This Interrogatory is not reasonably limited in scope, unnecessarily attempts to intrude on employees' right to privacy, and is not proportional to the needs of the case. It is also not limited to the area of incident and pertains to other areas of the store, as well as the names of individuals who have no knowledge of Plaintiff's incident. It is also not tailored to the time of incident or area of incident, or associates involved in this incident. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Furthermore, all Walmart employees are trained to conduct visual inspections of their areas throughout their shifts as they complete their respective job requirements, and these visual inspections are continuous and undocumented. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them. Defendant has already identified its employees with knowledge of the subject incident. The maintenance associates working on the date of the subject incident include: Tommy Florist, Rosanie Ilfrat Jean Louis, Antwoin Perry, Donovan Christie. Defendant references documents attached under bates stamp numbering WALMART 000070 to WALMART 000073 for the job descriptions for these maintenance associates.**

21. Please state whether any changes, including but not limited to any modifications, replacements, or removals, were made to the floor layout, signage, inspection protocols, training, or any other conditions of the Premises in the area where Plaintiff fell, after the subject incident, and if so, describe each change and the date it was implemented.

**ANSWER: This Interrogatory is not reasonably limited in time, seeks the production of potential subsequent remedial measures, and is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Modifications to the floor layout or signage bear no relevance to any issue in this case. Further, policies and procedures not related to inspecting the store floors for hazards in the subject department bear no relevance to any issue in this case. Notwithstanding the foregoing objections, Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Further, see the floor plan in effect on the date of the subject incident attached under bates stamp numbering WALMART 000060.**

22. Identify all individuals who were involved in or had knowledge of the decision to make any changes to the floor layout, signage, inspection protocols, training, or any other conditions of the Premises in the area where Plaintiff fell, after the subject incident, including their last known address, job titles and responsibilities.

**ANSWER: This Interrogatory is not reasonably limited in time, seeks the production of potential subsequent remedial measures, and is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Plaintiff's Interrogatories that are geared toward decision-making equate to an unpermitted fishing expedition into the confidential business practices of Walmart's store, intended solely to harass and annoy Defendant. Further, see the floor plan in effect on the date of the subject incident attached under bates stamp numbering WALMART 000060.**

23. Was any employee or agent disciplined or reprimanded in any way, or terminated, as a result of, or relating to, the incident complained of by Plaintiff?

**ANSWER: No.**

24. Please describe the procedures or policies in effect at the time of the incident regarding the use, operation, retention, or review of surveillance video at the Premises, including the make/model of camera system and retention duration.

**ANSWER: Defendant references CCTV Policies and Procedures attached under bates stamp numbering WALMART 000056 – WALMART 000059. The camera schematics in effect on the date of the subject incident will be provided upon the execution of a confidentiality order.**

# EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

AMANDA BOYD, CASE NO.: 0:26-cv-60141

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.
______________________________________/

**DEFENDANT'S SECOND AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, WAL-MART STORES EAST, LP., ("Defendant"), by and through counsel, and without waiving any objections, including privileges (such as attorney-client privilege and/or "work product"), and retaining all of its rights to supplement this Response at any time, hereby amends its responses to the First Request for Production served by Plaintiff, AMANDA BOYD ("Plaintiff"). The following responses are based on information known to Defendant as of the date of the responses, and as discovery is continuing, Defendant reserves the right to amend these responses.

**AMENDED RESPONSES TO FIRST REQUEST FOR PRODUCTION**

7. Any and all incident/accident reports for incidents during the two years preceding this incident that have occurred in the same general location and which are of the same general type of incident as the incident complained of in the within suit.

**RESPONSE: Objection. This Request is unnecessarily attempts to intrude on customers' right to privacy and is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Incidents that do not involve a substantially similar trip and fall in the frozen food and ice department bear no relevance to this case. Notwithstanding the foregoing objections, in the past two years, there have been 0 incidents that allegedly involved a substantially similar trip and fall on a floor scrubber in the frozen food and ice department. Defendant has had five (5) trip and fall incidents in the frozen food and ice department. Defendant references**

**the documents attached under bates stamp numbering WALMART 000201 to WALMART 000239 for all incident/accident reports relating the five (5) trip and fall incidents in the frozen food and ice department in the two years preceding Plaintiff's incident.**

14. Any and all documents that reflect the store layout of the Premises on the day of the incident, including store layout map(s)and aisle layout map(s).

**RESPONSE: Objection. This Request is not reasonably limited in scope and encompasses the whole exterior and interior of the store. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Defendant references the store video footage produced via hightail link for all store video footage preserved in response to Plaintiff's claim and the floor plan in effect on the date of the incident attached under bate stamp numbering WALMART 000060.**

16. Any and all documents that reflect the store camera layout map(s) of the Premises on the day of the incident.

**RESPONSE: Objection. This Request is not reasonably limited in scope and encompasses the whole interior of the store. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. The information that Plaintiff requests contains sensitive information not available to the public which could be detrimental to Defendant's operations. Defendant references the store video footage produced via hightail link for all store video footage preserved in response to Plaintiff's claim. The camera schematics in effect on the date of the subject incident will be produced upon the execution of a confidentiality order.**

22. Any and all documents reflecting employee training manuals, procedures, or policies in effect at the time of the incident regarding spill response, hazard identification, inspection protocols, and floor safety.

**RESPONSE: Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Defendant references the documents attached under bates stamp numbering WALMART 000061 to WALMART 000069 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to sweeper inspection of the floor**

**for potential hazards.**

23. Any and all employee schedules, work assignments, and duty rosters for the employees working at the Premises on the date of the incident.

**RESPONSE: Defendant objects to the extent the request is not relevant to Plaintiff's claims, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant operates a large department store. Defendant employed over one hundred (100) individuals on the date of the subject incident, the overwhelming majority of which have no knowledge of the incident. Individuals not employed or working at the subject store at the time and date of the subject incident have no bearing to any issue in this case. Defendant has already identified its employees with knowledge of the subject incident. The maintenance associates working on the date of the subject incident include: Tommy Florist, Rosanie Ilfrat Jean Louis, Antwoin Perry, Donovan Christie. Defendant references documents attached under bates stamp numbering WALMART 000070 to WALMART 000073 for the job descriptions for these maintenance associates. Defendant references documents attached under bates stamp numbering WALMART 000240 to WALMART 000278 for the job descriptions for an Academy Trainer, Frontend Coach, Operations Manager, Store Lead, Store Manager, Team Associate, and Team Lead.**

24. Any and all policies or practices regarding the retention, preservation, or destruction of surveillance footage, incident reports, inspection logs, and related records in effect at the time of the subject incident.

**RESPONSE: Defendant references the documents attached under bates stamp numbering WALMART 000040 to WALMART 000055 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to investigation of incidents, and CCTV Policies and Procedures attached under bates stamp numbering WALMART 000056 – WALMART 000059.**

29. Any and all documents reflecting daily opening and/or closing safety checklists completed on the date of the incident and during the seven days prior.

**RESPONSE: Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them.**

30. Any and all photographs, diagrams, or depictions of warning signs, cones, or barriers in use at the Premises on the date of the incident.

**RESPONSE: Defendant disputes that there was a dangerous condition that needed**

**warning or had knowledge thereof. Defendant references the photographs attached under bates stamp numbering WALMART 000011 – WALMART 000015 as the only photographs taken by Defendant at the subject store on the date of the incident.**

31. Any and all documents reflecting repairs, cleaning, or modifications made to the location of the incident after the incident occurred.

**RESPONSE: Defendant states there were no repairs, cleaning, or modifications done to the subject area in response to Plaintiff's incident.**

33. Any and all documents identifying the organizational structure, titles, and job duties of personnel responsible for floor safety, inspections, and maintenance at the Premises at the time of the incident.

**RESPONSE: Defendant objects to this request on the grounds that this request is irrelevant to proving Plaintiff's claims or leading to the discovery of admissible evidence. All Walmart employees are trained to conduct visual inspections of their areas throughout their shifts as they complete their respective job requirements, and these visual inspections are continuous and undocumented. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them. Defendant references the job descriptions of maintenance associate attached under bate stamp numbering WALMART 000070-WALMART 000073.**

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Gabrielle A. Johnson*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
GABRIELLE A. JOHNSON
Florida Bar No. 1044497

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this July 30, 2026, I electronically served the foregoing to the following: **Matthew Sean Tucker, Esq.,** (matt@tuckerup.com), TUCKER LAW, *Attorneys for Plaintiff*, 800 SE 3rd Avenue, Suite 300 Fort Lauderdale, FL 33316.

*/s/ Gabrielle A. Johnson*
GABRIELLE A. JOHNSON