**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

AMANDA BOYD, CASE NO.: 0:26-cv-60141

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.
_____________________________________/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE DISCOVERY AGREEMENT AND COMPEL BETTER DISCOVERY RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, Wal-Mart Stores East, LP ("Defendant"), through undersigned counsel, files this Response to Plaintiff's Motion to Enforce Discovery Agreement and to Compel Better Discovery Responses to Interrogatories and Requests for Production ("Plaintiff's Motion") [D.E. 22], and requests that the court enter an order denying Plaintiff's Motion, and states as grounds:

## SUMMARY OF THE ARGUMENT

Plaintiff's Motion claims that Defendant failed to (1) failed to uphold the discovery agreement, and (2) failed to leave central issues unanswered. As grounds of said failure, Plaintiff states that Defendant has failed to comply with Federal Rules of Civil Procedure 26, 33, 34, and Southern District of Florida Local Rules 7.1(a)(3), 26.1(e), and 26.1(g).

Plaintiff's motion should be denied as Defendant did indeed provide Plaintiff all requested discovery. When the parties met and conferred on Plaintiff's motion, Plaintiff admitted that Defendant's discovery was responsive to his request and was unable to identify any outstanding information or documents that were not produced.

## ARGUMENT

Plaintiff incorrectly claims that Defendant has not participated adequality in discovery. However, as set forth below, Plaintiff's positions are unfounded and Defendant has already either produced the relevant materials, or advised that its response is complete . Plaintiff argues that Defendant has agreed to address its responses to Interrogatories Nos. 6, 7, 12, 14, 19, 20, 21, 22, 23, and 24, and RFP Nos. 7, 14, 16, 22, 23, 24, 29, 30, 31, 32, and 33. Defendant has adequately done so in its amended responses. *See Defendant's Second Amended discovery responses as exhibits 1 and 2*.

### I. Discovery has been verified.

Plaintiff is requesting Defendant to verify its responses to Plaintiff's interrogatories, however, Defendant has provided Plaintiff with interrogatory responses verified by manager Askaria Kemp, which Plaintiff has attached to their motion as Exhibit 1. Defendant is correcting the signature portion which Plaintiff refers to in its motion. Plaintiff further requests that in response interrogatory No. 1, Defendant identify a single person who has prepared the responses. Plaintiff's interrogatories are directed to a corporation, these answers do not constitute nor are they derived from the personal knowledge of any single person.

### II. Video footage has already been produced.

Plaintiff claims that Defendant has not identified the footage duration, what footage was collected, reviewed, or not preserved. Defendant has provided Plaintiff with all store video footage preserved in response to Plaintiff' s incident and its policies and procedures for preserving video footage in response to a customer incident. The video footage itself is responsive to many of these requests. Defendant cannot produce video footage that does not exist. Efforts made by individuals

to identify the video footage of the incident are areas to be explored at depositions of those individuals, not by way of motion practice.

Plaintiff also claims Defendant has not identified who preserved the video footage, however, Defendant specifically identifies that person in its response to Interrogatory 12 as well as the document Plaintiff can refer to, to confirm the same. Plaintiff then claims that Defendant has failed to provide the camera and store layout maps. Defendant has provided the store layout, which is produced in response to Interrogatory 22. Defendant has advised Plaintiff that a confidential agreement is needed prior to providing the camera layout, as it contains sensitive information not available to the public which could be detrimental to its operations (*e.g.*, blind spots for theft monitoring within the store would be revealed to the public at large). However, Plaintiff is wholly uncooperative in agreeing to such protections.

**III. Employee identification / information has already been produced.**

Plaintiff claims Defendant has failed to provide schedules, work assignments, job titles, duties, address/contact information, or local management structure. However, Defendant has indeed provided Plaintiff with the names of all maintenance employees, the store manager, and the associates with knowledge of Plaintiff's incident. Defendant has also provided Plaintiff with the job descriptions for the maintenance employees as well. Defendant objected to requests for the addresses and personal contact information for its employees as that would infringe on their right to privacy and would be an impermissible attempt by Plaintiff to contact Defendant's employees without the presence or knowledge of Defense counsel. Rather Defendant will make any currently employed associates available for deposition upon request and Plaintiff may contact these employees through counsel for Defendant. Further, Plaintiff's request for the work schedules of these employees is not limited in time, which is an objection raised in Defendant's responses.

Defendant has no issue producing the work schedules for a reasonable time related to the incident. Plaintiff has refused to engage in a good faith attempt to place any parameters on his open-ended request.

**IV. Prior claim information has been produced but Defendant objects to providing personal contact information for private customers.**

Walmart already provided the number of incidents that occurred in the same area as Plaintiff's incident over a three-year span prior to Plaintiff's incident – along with a date and description of each prior similar incident, and incident reports and witness statements for the prior incidents (redacted for the name & contact information of the customer). Plaintiff now takes issue with the fact Defendant has not provided names and addresses of prior claimants. The request also seeks medical information for these claimants when asking for information of any injuries. This is a violation of HIPPA and Defendant's customers' privacy and has no relevance to this case. There is a strong right of privacy provision in Florida Constitution. *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So. 2d 936, 941 (Fla. 2002). (See also *Shaktman v. State,* 553 So. 2d 148 (Fla. 1989)). In Shaktman, the Supreme Court reasoned that the enactment of this provision "ensures that individuals are able 'to determine for themselves when, how and to what extent information about them is communicated to others.'" Id. at 150 (quoting from Alan F. Westin, Privacy and Freedom 7 (1967)). An individual should not have their medical or personal information revealed without their knowledge or consent just because they shopped at Walmart and pursued a claim against the store. Notably, not all claims equal lawsuits. This distinction is important because when a customer decides to file a public lawsuit they have consented to having their identity (minimally, their name) revealed to the public. On the other hand, if a customer decides to make a claim (but not file a lawsuit) they are implicitly trusting that Walmart is not revealing their identity or accident to the public at large. Thus, Walmart cannot reveal private identifying information (including names,

addresses, etc.) of its claimants. This information further lacks probative value as Walmart has already disclosed the date and nature of each accident.

**V. Defendant's objections do satisfy Rules 33, 34, or Local Rule 26.1**

Defendant’s asserted objections are in compliance with Rules 33, 34, or Local Rule 26.1. The objections are not blanket and provide reasoning for each objection asserted. While Defendant has asserted that some of the information that Plaintiff seeks would violate other persons rights to privacy, Defendant has not made any claims of privileged documents without a privilege log. Defendant has also produced information responsive to Plaintiff’s claims in a good faith effort to respond and to conduct discovery in an efficient manner.

Plaintiff seeks for Defendant to serve a notice of completion of production. Plaintiff herself has not done this and her discovery responses include multiple mentions of amending her answer up and until the discovery cutoff. At this juncture, discovery is ongoing and so is Defendant’s discovery responsibility. Even though Plaintiff seemed to acknowledge this principle in her responses, Defendant was surprised that Plaintiff now wishes to take an opposite approach with Defendant’s discovery responses

Plaintiff has not specifically stated that what has been produced is unresponsive, only an insinuation that Defendant is somehow trying to hide the ball. The claims Plaintiff are making are regarding the discovery responses are unfounded, as Defendant has given Plaintiff any information it can. As such, Plaintiff’s Motion must be denied.

**CONCLUSION**

Plaintiff's Motion should be denied as its allegations are unfounded and can be proven to be incorrect by reading Defendant's responses. Defendant has complied with all Federal and Local Rules of civil procedure.

WHEREFORE, Defendant, Wal-Mart Stores East, LP, respectfully requests that the Court deny Plaintiff's Motion to Enforce Discovery Agreement and to Compel Better Discovery Responses to Interrogatories and Requests for Production [D.E. 22], together with such other relief that the court deems proper.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Gabrielle A. Johnson*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
GABRIELLE A. JOHNSON
Florida Bar No. 1044497

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Thursday, July 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the following Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Gabrielle A. Johnson*
GABRIELLE A. JOHNSON

**SERVICE LIST**

Matthew Sean Tucker, Esq.
Tucker Law
800 SE 3rd Avenue
Suite 300
Fort Lauderdale, Florida 33316
Matt@TuckerUp.com