**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

AMANDA BOYD, CASE NO.: 0:26-cv-60141

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

_______________________________________/

**DEFENDANT'S SECOND AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, WAL-MART STORES EAST, LP., ("Defendant"), by and through counsel, and without waiving any objections, including privileges (such as attorney-client privilege and/or "work product"), and retaining all of its rights to supplement this Response at any time, hereby amends its responses to the First Request for Production served by Plaintiff, AMANDA BOYD ("Plaintiff"). The following responses are based on information known to Defendant as of the date of the responses, and as discovery is continuing, Defendant reserves the right to amend these responses.

**AMENDED RESPONSES TO FIRST REQUEST FOR PRODUCTION**

7. Any and all incident/accident reports for incidents during the two years preceding this incident that have occurred in the same general location and which are of the same general type of incident as the incident complained of in the within suit.

**RESPONSE: Objection. This Request is unnecessarily attempts to intrude on customers' right to privacy and is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Incidents that do not involve a substantially similar trip and fall in the frozen food and ice department bear no relevance to this case. Notwithstanding the foregoing objections, in the past two years, there have been 0 incidents that allegedly involved a substantially similar trip and fall on a floor scrubber in the frozen food and ice department. Defendant has had five (5) trip and fall incidents in the frozen food and ice department. Defendant references**

**the documents attached under bates stamp numbering WALMART 000201 to WALMART 000239 for all incident/accident reports relating the five (5) trip and fall incidents in the frozen food and ice department in the two years preceding Plaintiff's incident.**

14. Any and all documents that reflect the store layout of the Premises on the day of the incident, including store layout map(s)and aisle layout map(s).

**RESPONSE: Objection. This Request is not reasonably limited in scope and encompasses the whole exterior and interior of the store. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Defendant references the store video footage produced via hightail link for all store video footage preserved in response to Plaintiff's claim and the floor plan in effect on the date of the incident attached under bate stamp numbering WALMART 000060.**

16. Any and all documents that reflect the store camera layout map(s) of the Premises on the day of the incident.

**RESPONSE: Objection. This Request is not reasonably limited in scope and encompasses the whole interior of the store. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. The information that Plaintiff requests contains sensitive information not available to the public which could be detrimental to Defendant's operations. Defendant references the store video footage produced via hightail link for all store video footage preserved in response to Plaintiff's claim. The camera schematics in effect on the date of the subject incident will be produced upon the execution of a confidentiality order.**

22. Any and all documents reflecting employee training manuals, procedures, or policies in effect at the time of the incident regarding spill response, hazard identification, inspection protocols, and floor safety.

**RESPONSE: Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Defendant references the documents attached under bates stamp numbering WALMART 000061 to WALMART 000069 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to sweeper inspection of the floor**



LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

**for potential hazards.**

23. Any and all employee schedules, work assignments, and duty rosters for the employees working at the Premises on the date of the incident.

<u>**RESPONSE**</u>**: Defendant objects to the extent the request is not relevant to Plaintiff's claims, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant operates a large department store. Defendant employed over one hundred (100) individuals on the date of the subject incident, the overwhelming majority of which have no knowledge of the incident. Individuals not employed or working at the subject store at the time and date of the subject incident have no bearing to any issue in this case. Defendant has already identified its employees with knowledge of the subject incident. The maintenance associates working on the date of the subject incident include: Tommy Florist, Rosanie Ilfrat Jean Louis, Antwoin Perry, Donovan Christie. Defendant references documents attached under bates stamp numbering WALMART 000070 to WALMART 000073 for the job descriptions for these maintenance associates. Defendant references documents attached under bates stamp numbering WALMART 000240 to WALMART 000278 for the job descriptions for an Academy Trainer, Frontend Coach, Operations Manager, Store Lead, Store Manager, Team Associate, and Team Lead.**

24. Any and all policies or practices regarding the retention, preservation, or destruction of surveillance footage, incident reports, inspection logs, and related records in effect at the time of the subject incident.

<u>**RESPONSE**</u>**: Defendant references the documents attached under bates stamp numbering WALMART 000040 to WALMART 000055 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to investigation of incidents, and CCTV Policies and Procedures attached under bates stamp numbering WALMART 000056 – WALMART 000059.**

29. Any and all documents reflecting daily opening and/or closing safety checklists completed on the date of the incident and during the seven days prior.

<u>**RESPONSE**</u>**: Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them.**

30. Any and all photographs, diagrams, or depictions of warning signs, cones, or barriers in use at the Premises on the date of the incident.

<u>**RESPONSE**</u>**: Defendant disputes that there was a dangerous condition that needed**


**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

**warning or had knowledge thereof. Defendant references the photographs attached under bates stamp numbering WALMART 000011 – WALMART 000015 as the only photographs taken by Defendant at the subject store on the date of the incident.**

31. Any and all documents reflecting repairs, cleaning, or modifications made to the location of the incident after the incident occurred.

**RESPONSE: Defendant states there were no repairs, cleaning, or modifications done to the subject area in response to Plaintiff's incident.**

33. Any and all documents identifying the organizational structure, titles, and job duties of personnel responsible for floor safety, inspections, and maintenance at the Premises at the time of the incident.

**RESPONSE: Defendant objects to this request on the grounds that this request is irrelevant to proving Plaintiff's claims or leading to the discovery of admissible evidence. All Walmart employees are trained to conduct visual inspections of their areas throughout their shifts as they complete their respective job requirements, and these visual inspections are continuous and undocumented. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them. Defendant references the job descriptions of maintenance associate attached under bate stamp numbering WALMART 000070-WALMART 000073.**

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Gabrielle A. Johnson*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
GABRIELLE A. JOHNSON
Florida Bar No. 1044497

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 30, 2026, I electronically served the foregoing to the following: **Matthew Sean Tucker, Esq.,** (matt@tuckerup.com), TUCKER LAW, *Attorneys for Plaintiff*, 800 SE 3rd Avenue, Suite 300 Fort Lauderdale, FL 33316.

*/s/ Gabrielle A. Johnson*
GABRIELLE A. JOHNSON