**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 0:26-cv-60141-RS

**AMANDA BOYD**,

**Plaintiff,**

**v.**

**WAL-MART STORES EAST, LP**,

**Defendant.**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE DISCOVERY AGREEMENT AND COMPEL BETTER DISCOVERY RESPONSES**

Plaintiff Amanda Boyd replies to Defendant's **two** Responses [D.E. 25] and [D.E. 27] (hereafter referred to in the singular). The Response should be stricken or, at minimum, disregarded. It was filed more than five business days after the Court-ordered deadline in [D.E. 11] and exceeds the Court's five-page limit. On the merits, Defendant's post-motion amendments confirm that Plaintiff's Motion was necessary: only after the Motion did Defendant identify five prior trip-and-fall incidents and produce thirty-nine pages of incident materials, answer whether discipline occurred, and answer whether post-incident work was performed. Yet the remaining answers are still unverified, materially incomplete, and supported by Bates citations that do not match Defendant's production.

## I. THE RESPONSE IS UNTIMELY AND OVERLENGTH

Judge Hunt's General Order required Defendant to respond on or before the fifth business day after the Motion was filed. D.E. 11 at 5. Plaintiff filed the Motion on Thursday, July 16, 2026. The fifth business day was Thursday, July 23, 2026. Defendant filed its Response on July 30, 2026 - seven calendar days and five business days late. The Order expressly provides that

Rule 6(d) does not apply and that its deadline controls over any different docket date. *Id.* Defendant neither sought an extension nor moved under Rule 6(b)(1)(B) to establish excusable neglect after the deadline expired.

The Response also exceeds the Order's five-page limit. Its conclusion and requested relief appear on page six, before the service list and exhibits. D.E. 25 and 27 at 6. The Court warned that it may decline to consider any noncompliant filing. D.E. 11 at 6. The Court should therefore strike the Response or decline to consider it and treat the Motion as unopposed.

## II. THE SECOND AMENDED ANSWERS ARE NOT VALIDLY VERIFIED

On July 30, 2026, for the first time, Defendants produced Second Amended Interrogatories purportedly with a purportedly signed and notarized jurat page—which is problematic. Exhibit 1. The answers remain almost identical to the First Amended Interrogatories. *Compare* Exhibit 1 *with* [D.E. 22-1].

The First Amended Interrogatories included a notarized jurat, **but the signature line was blank**. In other words, a notary stamp is on the page but the jurat attached to the First Amended Interrogatories was **unsigned**.

Now today, we received the Second Amended Interrogatories. And it is signed. **But it is signed using the Jurat page that was notarized from the First Amended Interrogatories**. How could the Second Amended Interrogatories use a jurat page sworn under oath that was notarized and attached (unsigned) to the First Amended Interrogatories back on June 12, 2026 before they even served the First Amended Interrogatories? *Compare* Exhibit 1, p. 9 *with* [D.E.22-1, p. 9].

A June 12 oath cannot verify substantive answers first created and served on July 30. Rule 33 permits a corporation to gather information through counsel, but the officer or agent making the answers must answer under oath and sign them. Fed. R. Civ. P. 33(b)(1)(B), (3), (5).

## III. THE LATE AMENDMENTS CONFIRM THE MOTION AND LEAVE CORE DEFICIENCIES

A line-by-line comparison shows that Defendant changed only Interrogatories Nos. 14, 19, 20, 23, and 24. And even then the changes are insufficient. Its answers to the other disputed Interrogatories - Nos. 1, 6, 7, 12, 16, 17, 21, and 22 - are the same. The limited changes do not support Defendant's assertion that all requested information was previously supplied. For ease of reference, Plaintiff attaches as Exhibit 3 a chart comparing the interrogatory and request for production responses that required the original Motion against what was served today. Discovery responses received today are attached as Exhibits 1 and 2. Exhibit 4 includes some of the Bates-stamped documents that Defendant referenced in their discovery responses.

**Prior incidents (No. 14 and RFP No. 7).** No. 14 now names three lawsuits, but still omits the requested claimant addresses, occurrence dates, injuries, reports, photographs, and non-suit claims. More importantly, Defendant's Second Amended Response to RFP No. 7 now admits five trip-and-fall incidents in the frozen-food and ice department and, for the first time after the Motion, cites WALMART 000201-000239 as reports for those incidents. And the information is heavily redacted. That admission contradicts the narrow 'zero incidents' formulation used to resist discovery and confirms that the Motion caused material supplementation.

**Employees and schedules (Nos. 19 and 20; RFP No. 23).** The only interrogatory changes are removal of the word 'Maintenance' after two names and a citation to WALMART 000070-000073 for supposed job descriptions. Those pages are additional Tennant operator-

manual pages, not job descriptions. Composite Ex. 2. Defendant still provides no residence or business addresses, telephone numbers, work schedules, or work assignments. Its claim that the schedule request is open-ended is incorrect: No. 20 and RFP No. 23 expressly concern the day/date of the incident. The Response also concedes Defendant has 'no issue' producing schedules for a reasonable period. D.E. 25 at 4.

**Other interrogatories and requests.** No. 23 now answers 'No,' so Plaintiff narrows the Motion as to that item. No. 21 and No. 22 remain unchanged and still do not answer whether post-incident changes occurred or identify decision-makers. No. 6 still withholds excess-insurance information because **Defendant predicts** it is unlikely to be implicated, although Rule 26(a)(1)(A)(iv) contains no such likelihood threshold. At this juncture, this should result in some sort of sanction. No. 7 still fails to state the facts supporting each affirmative defense. As to production, RFP No. 31 now answers that no responsive work occurred, and Plaintiff narrows that item; however, RFP No. 32 is omitted altogether, RFP No. 23 still contains no schedules or rosters, the camera schematic remains withheld under RFP No. 16, and Defendant has not served the required completion/withholding statements.

## IV. RELIEF AND EXPENSES

Rule 37(a)(5)(A) applies when the requested discovery is provided after a motion to compel is filed. Defendant's new incident production and new answers to Interrogatory No. 23 and RFP No. 31 were supplied only after this Motion.

**WHEREFORE**, Plaintiff respectfully requests that the Court: (1) strike or disregard D.E. 25 and 27; (2) grant the Motion as to Interrogatories Nos. 1, 6, 7, 12, 14, 19, 20, 21, 22, and 24, and RFP Nos. 7, 14, 16, 22, 23, 24, 29, 30, 32, and 33, subject to the narrowing above; (3) require a fresh, post-July-30 verification and complete supplemental answers and production

within five days; (4) deny Defendant's request for a confidentiality order or alternatively require Defendant to submit any proposed confidentiality order promptly and produce the camera schematic upon entry; (5) produce unredacted documents; (6) require a privilege log, a request-by-request statement identifying anything withheld, and a Notice of Completion of Production; and (7) award Plaintiff her reasonable expenses, including attorney's fees, under Rule 37(a)(5).

Respectfully submitted,

Dated: July 30, 2026

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law ®
800 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was emailed to the this July 30, 2026 to all counsel of record identified on the Service List below.

By: s/Matthew Sean Tucker

**Service List:**

Christine M. Manzo, Esquire
Bar No.: 52121
Liebler, Gonzalez & Portuondo
44 West Flagler Street, 25th Floor
Miami, FL 33130
P: 305-379-0400
E-mails: service@lgplaw.com; cmm@lgplaw.com; ngn@lgplaw.com; cms@lgplaw.com
Attorney for Wal-Mart