**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

AMANDA BOYD,

CASE NO.: 0:26-cv-60141

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.
_____________________________________/

**DEFENDANT'S NOTICE OF SERVING SECOND AMENDED ANSWERS TO PLAINTIFF'S TRIP AND FALL INTERROGATORIES**

Defendant, WAL-MART STORES EAST, LP., ("Defendant"), by and through undersigned counsel hereby amends answers to the Trip and Fall Interrogatories propounded by Plaintiff, AMANDA BOYD ("Plaintiff"). The following responses are based on information known to Defendant as of the date of the responses, and as discovery is continuing, Defendant reserves the right to amend these responses.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Gabrielle A. Johnson*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
GABRIELLE A. JOHNSON
Florida Bar No. 1044497

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 30, 2026, I electronically served the foregoing to the following: **Matthew Sean Tucker, Esq.,** (matt@tuckerup.com), TUCKER LAW, *Attorneys for Plaintiff*, 800 SE 3rd Avenue, Suite 300 Fort Lauderdale, FL 33316.

*/s/ Gabrielle A. Johnson*
GABRIELLE A. JOHNSON

## AMENDED ANSWERS TO TRIP AND FALL INTERROGATORIES

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER: These responses were prepared with the assistance of counsel on behalf of Defendant Wal-Mart Stores East, LP with the assistance of Wal-Mart Legal Department and will be verified by the Store Manager, Askaria Kemp. Inquiries to Defendant must be directed to Liebler, Gonzalez & Portuondo, 44 West Flagler Street, 25th Floor, Miami, Florida 33130.**

6. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiffs complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**ANSWER: Objection. Defendant objects on the grounds of relevancy to the extent this request can be interpreted as seeking information concerning any excess liability insurance coverage. The nature of the claims asserted in this action is such that it is highly unlikely that any excess insurance coverage will be implicated here. Defendant maintains a self-insured retention applicable to the instant matter in the amount of $2,000,000.00, which must be exhausted before insurance can be considered. Please see the insurance declarations sheet attached with bate stamp numbering WALMART 000074- WALMART 000077.**

7. State the facts upon which you rely for each affirmative defense in your answer.

**ANSWER: Defendant states that its investigation into the alleged incident remains ongoing and the facts and circumstances supporting the defenses are expected to be discovered during this process. Notwithstanding, the Defendant's Affirmative Defenses are predicated on the allegations in the operative Complaint and applicable law. In addition, Plaintiff failed to exercise due caution while walking through the store. Further, Plaintiff alleges to have tripped on a large stationary, open and obvious object. Defendant relies on the documents and store surveillance videos provided contemporaneously with Defendant's Responses to Plaintiff's Request for Production. Further, Plaintiff's damages that are known are contested. Defendant reserves the right to supplement with additional facts as they become available in discovery. Additionally, deposition testimony, Plaintiff's medical records, medical bills, and other documents expected to be received in discovery support Defendant's Affirmative Defenses, as Plaintiff testified in her deposition she saw the machine before her incident occurred.**

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER: Based on the preliminary information available, Defendant references the Evidence Collection Sheet executed by Operations Manager Chily Julien attached under bates stamp numbering WALMART 000005.**

14. State for the two (2) years prior to the incident herein sued upon, the names and addresses of any and all persons who have claimed injuries as a result of incidents occurring upon the subject premises, as well as the date of each occurrence, nature of the injury, whether a lawsuit was filed, and any reports or photographs of the incident.

**ANSWER: Objection. This Interrogatory is overly broad, not reasonably limited in scope, unnecessarily attempts to intrude on employees' and customers' right to privacy, seeks information that is public and equally available to Plaintiff, and is not proportional to the needs of the case. Notwithstanding the foregoing objections, in the past two years, there have been 3 lawsuits that allegedly involved a trip and fall at the subject store which are listed below. There have been 0 incidents that allegedly involved a substantially similar trip and fall involving a floor scrubber in the frozen food and ice department.**

**ROGERS, LAVON, an individual vs. WALMART INC. and Harriet Jaime Jackson, an individual, Broward County, Florida, Case No. CACE23009850**

**RABBITO, CATHERINE vs. Wal-Mart Stores, Inc., Abby Thompson, et al., Broward County, Florida, Case No. CACE23011652**

**ARANGO, ULYSES vs. WAL-MART STORES EAST, LP, and JOHN DOE, as store manager, Broward County, Florida, Case No. CACE-22-016610**

16. Please state whether there existed, prior to the incident which is the subject of the Plaintiff's complaint, any procedure or program for the regular inspection of the subject premises, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises hereof.

**ANSWER: Objection. This Interrogatory is not proportional to the needs of the case.**

**This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Walmart operates a large department store with many different areas. Policies and procedures for departments other than where this incident occurred are not relevant. Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Also, Defendant references the documents attached under bates stamp numbering WALMART 000061 to WALMART 000069 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to maintenance equipment used to inspect the floor for potential hazards.**

17. If your answer to the foregoing interrogatory was in the affirmative, please further set forth a general description of each such procedure or program, the regularity with which each such procedure or program was to be implemented or conducted, if applicable, whether such procedure and/or program was reduced to a writing and, if so, please provide the identity of the present custodian of each such writing, accompanied by descriptive nomenclature sufficient to identify each such writing in a motion to produce, the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart to this interrogatory.

**ANSWER: Objection. This Interrogatory is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Walmart operates a large department store with many different areas. Policies and procedures for departments other than where this incident occurred are not relevant. Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Also, Defendant references the documents attached under bates stamp numbering WALMART 000061 to WALMART 000069 for its policies and procedures in effect at the subject store on the date of the incident described in Plaintiff's operative Complaint related to maintenance equipment used to inspect the floor for potential hazards.**

**Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them.**

19. Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance and/or repair of the subject premises as of the date of the incident which is alleged in the Plaintiffs complaint.

**ANSWER: Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Furthermore, all Walmart employees are trained to conduct visual inspections of their areas throughout their shifts as they complete their respective job requirements, and these visual inspections are continuous and undocumented. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them. Further, Defendant references the store video footage produced via hightail link for all store video footage preserved in response to Plaintiff's claim. Please see the store video for frequency and times of inspections and/or maintenance of the incident area prior to the subject incident. The name of each employee in the store video is unknown at this time as discovery is ongoing. The maintenance associates working on the date of the subject incident include: Tommy Florist, Rosanie Ilfrat Jean Louis, Antwoin Perry, Donovan Christie. Defendant references documents attached under bates stamp numbering WALMART 000070 to WALMART 000073 for the job descriptions for these maintenance associates.**

20. Please provide the name(s), address, work schedule, job title, and job duties of all of your employees or agents whose duty it was/is to conduct the periodic inspection/investigation of the premises on the day of the incident.

**ANSWER: Objection. This Interrogatory is not reasonably limited in scope, unnecessarily attempts to intrude on employees' right to privacy, and is not proportional to the needs of the case. It is also not limited to the area of incident and pertains to other areas of the store, as well as the names of individuals who have no knowledge of Plaintiff's incident. It is also not tailored to the time of incident or area of incident, or associates involved in this incident. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Defendant does not maintain inspection logs or checklists applicable to the area of the alleged incident in its ordinary course of business. Furthermore, all Walmart employees are trained to conduct visual inspections of their areas throughout their shifts as they complete their respective job requirements, and these visual inspections are continuous and undocumented. Each employee is trained to constantly be on the lookout for potentially dangerous/hazardous situations and then to contact the appropriate person to remedy them. Defendant has already identified its employees with knowledge of the subject incident. The maintenance associates working on the date of the subject incident include: Tommy Florist, Rosanie Ilfrat Jean Louis, Antwoin Perry, Donovan Christie. Defendant references documents attached under bates stamp numbering WALMART 000070 to WALMART 000073 for the job descriptions for these maintenance associates.**

21. Please state whether any changes, including but not limited to any modifications, replacements, or removals, were made to the floor layout, signage, inspection protocols, training, or any other conditions of the Premises in the area where Plaintiff fell, after the subject incident, and if so, describe each change and the date it was implemented.

**ANSWER: This Interrogatory is not reasonably limited in time, seeks the production of potential subsequent remedial measures, and is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Modifications to the floor layout or signage bear no relevance to any issue in this case. Further, policies and procedures not related to inspecting the store floors for hazards in the subject department bear no relevance to any issue in this case. Notwithstanding the foregoing objections, Defendant references the documents attached under bates stamp numbering WALMART 000016 to WALMART 000039 for its policies and procedures in effect over the frozen food and ice department of the subject store on the date of the incident described in Plaintiff's operative Complaint related to inspection of the floor for potential hazards. Further, see the floor plan in effect on the date of the subject incident attached under bates stamp numbering WALMART 000060.**

22. Identify all individuals who were involved in or had knowledge of the decision to make any changes to the floor layout, signage, inspection protocols, training, or any other conditions of the Premises in the area where Plaintiff fell, after the subject incident, including their last known address, job titles and responsibilities.

**ANSWER: This Interrogatory is not reasonably limited in time, seeks the production of potential subsequent remedial measures, and is not proportional to the needs of the case. This incident involves an allegation of a trip and fall on a large stationary, open and obvious object in the frozen food and ice department. Plaintiff's Interrogatories that are geared toward decision-making equate to an unpermitted fishing expedition into the confidential business practices of Walmart's store, intended solely to harass and annoy Defendant. Further, see the floor plan in effect on the date of the subject incident attached under bates stamp numbering WALMART 000060.**

23. Was any employee or agent disciplined or reprimanded in any way, or terminated, as a result of, or relating to, the incident complained of by Plaintiff?

**ANSWER: No.**

24. Please describe the procedures or policies in effect at the time of the incident regarding the use, operation, retention, or review of surveillance video at the Premises, including the make/model of camera system and retention duration.

**ANSWER: Defendant references CCTV Policies and Procedures attached under bates stamp numbering WALMART 000056 – WALMART 000059. The camera schematics in effect on the date of the subject incident will be provided upon the execution of a confidentiality order.**



**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

By: Askania Kemp

Print Name Askania Kemp

STATE OF FLORIDA

COUNTY OF Broward

On this day personally appeared before me Sean Cephas, who after being duly sworn under oath, avers and says that Askana Kemp has read the above and foregoing Answers to Interrogatories and that they are true and correct.

Sworn to and subscribed before me this 12 day of June, 2026.

NOTARY PUBLIC
State of Florida at large

My Commission Expires:
10/26/29

SEAN CEPHAS
MY COMMISSION #HH719379
EXPIRES OCT 26, 2029
Bonded through 1st State Insurance